**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**LEMON TREE DEVELOPMENT LLC,**

                    **Plaintiff,**

          -against-

**PHILOPATYR CORPORATION, et al.,**

                    **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**10-CV-5228 (ARR)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of a mailed communication from an individual named Paul Bessada, who claims to be the owner of Passoteer Corp., d/b/a Lemona Tree, 3829 Richmond Avenue, Staten Island, NY 10312.[1] According to the Complaint filed by plaintiff Lemon Tree Development LLC ("plaintiff"), "Lemona Tree" is the name of the beauty salon that operated out of that same address by defendants Philopatyr Corp. ("Philopatyr") and Fayda Lawandy ("Lawandy") (collectively, "defendants"), who thereby violated plaintiff's trademark, contractual and other rights. See generally Complaint, D.E. #1.

      The court file reflects that on November 12, 2010, the summons and complaint were personally served on Lawandy both in her individual capacity and on behalf of Philopatyr. See Affidavits of Service, D.E. #3-1, 3-2. Nevertheless, neither defendant has answered the Complaint or otherwise appeared in the action. Accordingly, plaintiff moved for entry of default, see First Motion for Entry of Default, D.E. #4, 5, and, after the Clerk of the Court noted defendants' defaults, see Clerk's Entry of Default (Dec. 13, 2010), the Honorable Allyne

---

[1] The Court has caused a copy of the Bessada submission to be docketed into the Electronic Case Filing ("ECF") system. See ECF Docket Entry ("D.E.") #9.

R. Ross referred plaintiff's motion for default judgment to the undersigned magistrate judge for an inquest on damages and issuance of a report and recommendation. See Order Referring Motion, D.E. #6. This Court thereupon issued a scheduling order, directing plaintiff to file its legal arguments and evidentiary submissions by February 18, 2011, and directing defendants to respond by March 9, 2011. See Order, D.E. #7.

Plaintiff timely filed its papers by February 16, 2011. See Memorandum, D.E. #8. Among other things, plaintiff proffered evidence that defendant Lawandy was observed exiting and leaving the Lemona Tree beauty salon at 3829 Richmond Avenue, Staten Island, on December 22, 2010. See Declaration of John Romano ¶ 3, D.E. #8-2.

To date, the Court has not heard from either named defendant. Instead, the Court has received the unsworn statement of Mr. Bessada, dated February 15, 2011, in which he avers that "there is no one at 3829 Richmond Ave. by the name of Philopatyr Corp. or Fayda Lawandy." D.E. #9. To the extent that that submission was intended to give the Court pause as to the validity of the claims or effectiveness of service on the named defendants, it has not had the desired effect. Although Mr. Bessada denies that Philopatyr or Lawanda are operating out of 3829 Richmond Avenue, he acknowledges that his company is doing business as Lemona Tree -- the name of the salon at issue in this case -- at the same address specified in the Franchise Agreement between Lawandy and plaintiff's predecessor. See Franchise Agreement, Ex. A to Declaration of Jonathan Shaw ("Shaw Decl."), D.E. #8-3.[2] Significantly, the Certificate of Authority for Passoteer Corp., d/b/a Lemona Tree, that Mr.

---

[2] Moreover, a call to directory assistance reveals that Mr. Bessada's business also uses the same phone number as did defendant Lawandy's salon.

Bessada has submitted to the Court, did not take effect until April 4, 2010, see D.E. #9 -- long after plaintiff (in 2009) sent defendant Lawanda a series of letters demanding unpaid royalties under the Franchise Agreement and threatening to terminate that Agreement due to her default. See Ex. B to Shaw Decl., D.E. #8-3. Thus, Mr. Bessada's submission does not absolve defendants of liability or their obligation to defend the claims, but instead raises questions about whether Mr. Bessada's business is a successor corporation. Indeed, these inferences are reinforced by publicly available information that defendant Lawandy is his relative. See Intelius, People Search and Directory Services, "Fayda Lawandy, New York" (Feb. 23, 2011), http://www.intelius.com.

Accordingly, defendants Philopatyr Corp. and Fayda Lawandy are directed to show cause, in writing, by March 9, 2011, why default judgments should not be entered against them on the terms and in the amounts requested by plaintiff in its February 16th submissions. Defendants are expressly warned that their failure to timely respond will result in a recommendation that significant default judgments be entered against them.

The Clerk is directed to docket this Memorandum and Order into the ECF system and to transmit copies, via Federal Express, to defendants and Mr. Bessada at the following addresses:

>Fayda Lawandy
>c/o Lemona Tree
>3829 Richmond Avenue
>Staten Island, NY 10312
>
>Philopatyr Corporation
>d/b/a Lemona Tree
>3829 Richmond Avenue
>Staten Island, NY 10312

Fayda Lawandy
111 Ridgewood Avenue
Staten Island, NY 10312

Philopatyr Corporation
c/o Fayda Lawandy
111 Ridgewood Avenue
Staten Island, NY 10312

Paul Bessada
Passoteer Corp., d/b/a Lemona Tree
3829 Richmond Avenue
Staten Island, NY 10312

**SO ORDERED.**

**Dated:      Brooklyn, New York
             February 25, 2011**

                              **ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**