**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**LEMON TREE DEVELOPMENT LLC,**

                         **Plaintiff,**           **MEMORANDUM**
                                                        **AND ORDER**

             -against-                    **10-CV-5228 (ARR)**

**PHILOPATYR CORPORATION, et al.,**

                    **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On December 6, 2011, the Court heard oral argument on a motion for default judgment filed by plaintiff Lemon Tree Development LLC ("plaintiff") against defendants Philopatyr Corp. ("Philopatyr") and Fayda Lawandy ("Lawandy") (collectively, "defendants"). See Minute Entry (Dec. 6, 2011), Electronic Case Filing Docket Entry ("D.E.") #30. In its default motion, plaintiff sought entry of judgment against defendants for breach of contract, trademark infringement, and related claims. See generally Plaintiff's Memorandum of Law in Support of Its Default Motion (May 23, 2011), D.E. #15.

At the December 6th motion hearing, the Court expressed its preliminary view that plaintiff's breach of contract claim was insufficiently pled under New York law. See Status Report by Lemon Tree Development LLC (Dec. 13, 2011) ("12/13/11 Pl. Status Report") at 2, D.E. #31; Minute Entry (Dec. 6, 2011). In response to comments by plaintiff's counsel, the Court further indicated that, if the parties were unable to resolve the claims, it would consider an application to amend the complaint to add parties. See 12/13/11 Pl. Letter at 2.

Unfortunately, the parties were not able to reach agreement to settle the case. See 12/13/11 Pl. Status Report at 1. Accordingly, plaintiff filed a status report, in which it requested that the Court (1) allow plaintiff to amend the complaint to remedy the breach of contract claim and to add additional parties; and (2) grant plaintiff's motion for default against defendants "once plaintiff files its amended complaint," and award damages as to the trademark infringement claim. See id. at 2. Earlier today, without having obtained judicial authorization, plaintiff filed its Amended Complaint, adding Passoteer Corporation and Paul Bessada as defendants and amending its breach of contract claims. See Amended Complaint (Dec. 20, 2011), D.E. #32.

Plaintiff's December 13th request for permission to amend the complaint is hereby granted. The Amended Complaint is now the operative pleading in this case.

As for plaintiff's request that the Court grant plaintiff's motion for default judgments, see 12/13/11 Pl. Status Report at 2, it is unclear whether plaintiff is proposing that a default judgment be entered against defendants on the original complaint or on the newly filed Amended Complaint. If the latter, then before moving for default, plaintiff must properly serve defendants and afford them the time to respond provided under Rule 12 of the Federal Rules of Civil Procedure. At this point in time, any such motion would be premature.

Alternatively, to the extent that plaintiff wishes to move for default judgment on the original complaint, plaintiff fails to appreciate the legal effect of filing an amended complaint. Once an amended complaint is filed and served, the original complaint is of no legal

consequence. See Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977); Harvey v. Home Savers Consulting Corp., No. 07-CV-2645 (JG), 2008 WL 724152, at *2 (E.D.N.Y. Mar. 17, 2008). Thus, any motion for default judgment on the original complaint would likewise be of no legal consequence.

In Harvey, plaintiffs brought claims against several defendants, some of whom had answered and appeared and others who had not. See Harvey, 2008 WL 724152, at *1. Plaintiffs filed a motion for default judgment against the defendants who had failed to appear, id., and indicated that they might add new parties or otherwise amend the pleadings. See id. at *2. In a decision concerning the damages to be assessed against the defaulting defendants, Magistrate Judge Steven M. Gold noted that "[i]f plaintiffs file an amended complaint, the defaulting defendants must be included in any new complaint if plaintiffs wish to pursue their claims against the defaulting defendants, and plaintiffs must seek new default judgments against them if they again fail to appear." See id.; accord Viznai v. United Homes of New York, Inc., No. 07-CV-4173 (ERK) (SMG), 2009 WL 931178, at *2 (E.D.N.Y. Apr. 3, 2009) ("[T]he filing of an amended complaint would render the defaults of the [defendants] a nullity."); cf. Carpenters Local No. 120 Pension Fund v. Calnero Constr., Inc., No. 96-CV-1767 (RSP-GJD), 1998 WL 135226, at *3 (N.D.N.Y. Mar. 6, 1998) (Pooler, J.) (noting that after plaintiffs moved for default on insufficient complaint, plaintiffs filed an amended complaint and moved again for default judgment).

In short, the caselaw teaches that, having amended the complaint and added new parties, plaintiff should not now be permitted to pursue a default judgment on the original pleading. Rather, plaintiff should promptly serve the Amended Complaint on each defendant

and, if that defendant fails to appear, plaintiff may then move for a default judgment against that defendant on the Amended Complaint.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a default judgment on the original complaint is denied without prejudice to a similar motion on the Amended Complaint in the event a defendant fails to timely answer or otherwise respond to the new pleading.

Any objection to this Memorandum and Order must be filed with the Honorable Ross by January 6, 2012 or will be deemed waived.

The Clerk is directed to docket this Memorandum and Order into the ECF system and to transmit copies, via Federal Express, to defendants at the following addresses:

> Fayda Lawandy
> c/o Lemona Tree
> 3829 Richmond Avenue
> Staten Island, NY 10312
>
> Philopatyr Corporation
> d/b/a Lemona Tree
> 3829 Richmond Avenue
> Staten Island, NY 10312
>
> Fayda Lawandy
> 111 Ridgewood Avenue
> Staten Island, NY 10312
>
> Philopatyr Corporation
> c/o Fayda Lawandy
> 111 Ridgewood Avenue
> Staten Island, NY 10312

Paul Bessada
Passoteer Corp., d/b/a Lemona Tree
3829 Richmond Avenue
Staten Island, NY 10312

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 20, 2011**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**